| STEWART, Judge.
The Winn Parish School Board appeals the trial court’s granting of a partial summary judgment exempting from local sales taxes certain items pursuant to La.R.S. 47:305.-D(l)(s). For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.
FACTS
P02 sold numerous medical items in Winn Parish during the period from July 1, 1991, through January 30, 1994. Sales taxes were paid on some items while P02 claimed exemptions on other items, specifically: oxygen concentrators, portable oxygen bottles, semi-electric beds, patient lifts, trapeze bars, ne-bulizers, suction pumps, continuous positive air pressure (CPAP), wheelchairs, seat lift mechanisms, air pressure mattresses, folding walkers, bedside commodes, glucometers, lancets, lift straps, paraffin baths, quad canes, bath benches, transfer beds, crutches, and aim drives for wheel chairs.
The Winn Parish School Board filed this lawsuit to recover sales taxes on those items. P02 filed a motion for summary judgment which was partially granted by the trial court. The court ruled that oxygen concentrators through CPAPs, listed above, were exempt from the sales tax. The court ruled that the remaining items listed were subject to the sales tax.
DISCUSSION
The issue presented to this court is whether summary judgment was appropriate in this case. The Winn Parish School Board contends that P02 was not entitled to judgment as a matter of law in that the determination of whether the listed items were exempt from the sales tax was a clearly factual tissue and that the standards for summary judgment enunciated in Chaisson v. Domingue, 372 So.2d 1225 (La.1979), were not met.
Appellate courts review summary judgment de novo pursuant to the same criteria which the trial court must consider to determine whether summary judgment is appropriate. Billiot v. B.P. Oil Co., 93-1118 (La. 9/29/94), 645 So.2d 604; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Collinsworth v. Foster, 28,671 (La.App. 2 Cir. 9/25/96), 680 So.2d 1275.
La.C.C.P. art. 966.A(l) provides that a party, “with or without supporting affidavits, may move for summary judgment in his fa-vor_” La.C.C.P. art. 966.A(2) states that summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.... ” The mover bears the burden of proving that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. La.C.C.P. art. 966.B.
On summary judgment, the inferences to be drawn from the underlying facts contained in the summary judgment evidence and materials must be viewed in the light most favorable to the party opposing the motion. Billiot v. B.P. Oil Co., supra.
La.R.S. ]p7:B05.D(l) exempts from both state and local sales and use taxes certain tangible personal property specifically enumerated in subsections of that provision. Medical items, which are exempted and are at issue in this suit, are listed in subsections (j), (k), (l), (m), and (s). La.R.S. U7:305.D(U) limits the exemption to sales taxes imposed by the state of ^Louisiana and “does not *913 apply to such taxes authorized and imposed by any school board ... notwithstanding any other provisions of law to the contrary, and specifically, but not exclusively, R.S. 33:2716.1” for the following items:
“... food, drugs, orthotic and prosthetic devices, wheelchairs and wheelchair lifts prescribed by physicians or licensed chiropractors for personal consumption or use; for patient aids prescribed by a physician or licensed chiropractor for home use; and ostomy, ileostomy or colostomy devices, or other appliances including catheters or related items required as the result of any surgical procedure by which an artificial opening is created in the human body for the elimination of natural waste.... ”
La.R.S. i7:S05.D(l)(s) exempts “any and all medical devices used personally and exclusively by the patient in the medical treatment of various diseases under the supervision of and prescribed by a registered physician.” Clearly, the language of that subsection is not included in La.R.S. 17:305.0(1).
Neither “patient aid” or “medical device” is defined in the exclusion and exemption provisions of Title 47. By regulation, the Louisiana Department of Revenue and Taxation has defined “patient aid” as equipment, sick room supplies, and other tangible property for the convenience and comfort of the patient and further provides that patient aids “must be prescribed by a physician or licensed chiropractor for personal use or consumption.” Rule khOl D. However, although the Department’s regulations do not define “medical device,” Rule 14.01 F stresses that the exemption applies to medical devices “only when they are used personally and exclusively by the patient, and only when the medical device is purchased [4by the patient on the written authority of a registered physician for use in the medical treatment of a disease.” As defined in Dorland’s Illustrated Medical Dictionary, W.B. Sanders and Company, 27th edition (1988), “device” is “something contrived for a specific purpose.”
P02 attached an affidavit to the motion for summary judgment attesting that “the attached prescriptions and certificates of medical necessity are typical and representative (emphasis added) of those prescriptions for the sale of oxygen concentrators, portable oxygen bottles, semi-electric beds, patient lifts, trapeze bars, nebulizers, suction pumps and CPAP’s.” Sales on the items claimed exempt for the tax periods at issue amounted to $631,178.67.
P02 contends that the affidavit and attachments submitted established that the items claimed exempt were (1) medical devices, (2) used personally and exclusively by the patient, (3) in the medical treatment of various diseases, and (4) under the supervision of and prescribed by a registered physician. P02 asserts that those items are, therefore, exempt from the local sales tax.
Specifically, P02 attached seven prescriptions or certificates of medical necessity for five patients for the following items: a oxygen concentrator, including a portable bottle and nasal cannula, a hospital bed, a patient lift, a trapeze bar, an aerosol nebulizer, a suction pump, and a nasal CPAP. Although some certificates indicated diagnoses of congestive heart failure, quadriplegia and neuro-genic bladder, and obstructive sleep apnea, _[sseveral of the certificates did not identify a diagnosis except by number or initials, such as “715.98” and “COPD.”
A careful review of the record indicates that the few certificates attached to the affidavit do not establish that the all the items claimed exempt were prescribed for treatment of a particular disease, particularly those diagnoses indicated by number or initials. Further, the certificates indicate that the items may possibly be prescribed for the comfort of the patient as opposed to prescription for a disease. For example, a portable oxygen bottle was prescribed so that the patient may “continue to perform daily activities.” Another certificate indicates that the patient is confined to bed and requires a trapeze bar to assist him in sitting up, changing body position, or getting out of bed.
We find that the affidavit with attachments submitted by P02 has failed to establish that all the items included in the sales of $631,-178.67, which are claimed exempt from the local tax, are “medical devices” as opposed to “patient aids.” Therefore, we find that a genuine issue of material fact exists with *914 regard to the nature of the items claimed exempt from the local tax.
CONCLUSION
For the reasons assigned, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion. Costs of this appeal are assessed to P02.
REVERSED and REMANDED.