liWILLIAMS, Judge.
Plaintiffs [1] appeal the trial court’s grant of summary judgment in favor of defendant, Shelter Mutual Insurance Company, (“Shelter”), finding that the uninsured motorist (“UM”) coverage waiver form employed by Shelter was valid and that the waiver signed by Charles J. Riser, III was a valid rejection of UM coverage. For the following reasons, we affirm.
FACTS '
On June 5, 1989, Charles J. Riser, III purchased an automobile insurance policy from Shelter and signed a waiver rejecting .the UM coverage which was included in the policy. On August 20, 1995, Charles J. Riser, III died as .a result of injuries sustained in an automobile accident in which his vehicle was struck by a vehicle driven by defendant, Jarmaine Brown;
Plaintiffs filed a claim against Shelter[2] to recover UM benefits under the policy issued by Shelter to Charles J. Riser, III. Shelter denied plaintiffs’ claim, alleging that Charles J. Riser, III validly rejected UM coverage at the time he applied for insurance. Plaintiffs filed a motion for summary judgment seeking a declaration that UM coverage was in effect at the time of the accident. Shelter filed a cross motion for summary judgment on the grounds that Charles J. Riser, III validly rejected UM coverage, and therefore, wás not entitled to recover UM benefits. After a hearing, the trial court granted Shelter’s motion for summary judgment and dismissed plaintiffs’ claim. Plaintiffs appeal.
DISCUSSION

Summary Judgment

12The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action allowed by law. NAB v. Willamette Industries, Inc., 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477. According to the 1996 Amendment to LSAC.C.P. Art. 966, effective May 1, 1996, the summary judgment procedure is now favored and “shall be construed to accomplish these ends.” Scott v. McDaniel, 96-1509 (La.App. 1st Cir. 5/9/97), 694 So.2d 1189. Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Scott, supra. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSAC.C.P. Art. 966.

UM Coverage Analysis

At issue for review is whether the UM waiver form utilized by.Shelter is valid pursuant to LSA-R.S. 22:1406. Plaintiffs do not claim that decedent did not understand the form when he. signed it or that he was misled in any way, only that the form is defective on its face. Plaintiffs argue that the UM waiver form employed by Shelter is vague and ambiguous and failed to properly provide Charles J. Riser, III with the opportunity to make a meaningful selection of cov-eragé. Plaintiffs contend that the form is invalid because it provides the insured with only two options, selection of lower limits or rejection of coverage entirely, as opposed to the three options mandated by the statute.
LSA-R.S. 22:1406(D) governs the issuance of uninsured motorist coverage in Louisiana. The object of such coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tort-feasor who is not covered by adequate liability insurance. Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, citing, Henson v. Safeco Insurance Co., 585 So.2d 534 3(La.1991). Section 1406(D) requires that every automobile liability insurance policy delivered or issued for delivery in Louisiana *911 provide UM coverage in not less than the limits of bodily injury liability provided by the policy. The insured has the option of either rejecting the coverage entirely or selecting lower limits. However, in no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under LSA-R.S. 32:900, which defines the motor vehicle liability law. In accordance with LSA-R.S. 22:1406(D), the insured is given three options when selecting UM coverage: (1) coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy and (3) no UM coverage.
The insurer bears the burden of proving that a rejection of coverage or a selection of lower limits has been legally perfected. Daigle, supra citing Henson, supra. For a rejection to be valid, the insured or his authorized representative must expressly state in wilting that the UM coverage is rejected. LSA-R.S. 22:1406.
Each insurer is authorized to design a UM coverage form to be employed by its company. Rejection of UM coverage or selection of lower limits shall be made only on a form designed by each insurer. Implicit in the legislature’s direction to insurers to design a form was the responsibility to design a form that would fairly effectuate the intent of the law. Daigle, supra. The legislature did not mandate that the form be designed in any particular way, nor did it indicate that any particular language was sacrosanct. Daigle, supra.
In the present ease, the waiver form employed by Shelter provided:
UNINSURED MOTORISTS (UM) COVERAGE
Rejection of UM Coverage or Selection of Limits of UM Coverage
Uninsured Motorists (UM) Coverage affords protection for insureds defined by the policy who are legally entitled to recover damages for bodily injury, sickness, or disease, including death, from owners or operators of uninsured or underinsured motor vehicles. State law requires insurance companies to deliver orjjissue automobile policies with limits of UM Coverage equal to the limits of liability insurance for Bodily Injury (BI) Coverage unless the insured elects otherwise.
If you do not want limits of UM Coverage equal to your limits of BI Coverage, you may select lower limits or reject UM coverage entirely by indicating your selection or rejection below.
I select lower limits of UM Coverage $-per person
$_per accident
X I reject UM coverage entirely.
Name of Insured (or Applicant) _Charles J. Riser_
Describe Vehicle Year 89 Make Ford Model_Taurus GL
VIN or Policy Number _IFABP52U9KA121114_
_I understand my selection of lower limits of UM Coverage or my rejection of UM Coverage entirely will apply to the policy of insurance issued for the above described vehicle and for any temporary substitute or replacement vehicle and will apply to all future renewals, reinstatements, replacements, or substitutions of the policy until I request a change in writing.
/a/ Charles J. Riser Date 6/5/89
The UM waiver form is relevant in the instance where the insured wishes either to select lower limits or to reject UM coverage entirely. The UM coverage mandated by LSA-R.S. 22:1406 is automatic and the option to accept UM coverage equal to the bodily injury limits in the policy does not require action on the part of the insured. The statute does not require an affirmative *912 act to choose coverage. Any affirmative signature or mark accepting coverage would be mere surplusage, since the coverage is automatically extended by law. Daigle, supra.
The court in Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), agreed with the court in Uhrich v. National Fire Ins. Company, et al, 569 So.2d 1062 (La.App. 3rd Cir.1990), writ denied, 572 So.2d 96 (La.1991), in its reasoning that a rejection was invalid where the application form offered only two options, full UM coverage, or a rejection of UM coverage, and did not contain a blank wherein the insured could have requested limits lower than the full liability. 5Tugwell, supra.
The form employed by Shelter made it clear to the insured that, state law required insurance companies to provide UM coverage equal to the limits of liability insurance for bodily injury coverage unless the insured elects otherwise. The form also included two (2) blank spaces, one for the insured to indicate a selection of lower limits of UM coverage and one to reject UM coverage entirely. The insured acts only on the option to either reject UM coverage or select a lower limit. The applicant was adequately informed that UM coverage equal to bodily injury limits would be provided unless insured chose otherwise. Shelter indicated that the form was to be used by the insured to indicate a choice of selecting lower limits or rejecting UM coverage entirely. The insured’s execution of the waiver form designed by Shelter constituted a valid and enforceable rejection of UM coverage under Louisiana law. Accordingly, the trial court’s grant of summary judgment is affirmed.
CONCLUSION
For the foregoing reasons, the trial court’s summary judgment in favor of defendant, Shelter Mutual Insurance Company is affirmed. Costs of this appeal are assessed to the appellants, Charles and Dorothy Riser individually and on behalf of the minor child Julia Riser, and Christina Riser.
AFFIRMED.

. Plaintiffs in this case are Charles and Dorothy Riser, parents of Charles J. Riser, III, individually and on behalf of Julia Riser, minor daughter of Charles J. Riser, III and Christina Riser, adult daughter of Charles J. Riser, III.

. The claim against Jarmaine Brown and his insurer, Allstate Insurance Company, was settled. Consequently, plaintiffs filed this claim against Shelter seeking underinsured motorist coverage.