707 So.2d 459 (1998)
Albert N. LECKIE, et al., Plaintiffs-Appellants,
v.
AUGER TIMBER COMPANY, INC., Defendants-Appellees.
No. 30103-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
*460 William M. Ford, Alexandria, for Plaintiffs-Appellants.
John C. Blake, Jonesboro, for Defendant-Appellee Auger Timber Company.
Michael S. Coyle, Ruston, for Defendant-Appellee American Interstate Insurance Company.
Before BROWN, STEWART and GASKINS, JJ.
GASKINS, Judge.
This appeal contests the granting of summary judgment in favor of American Interstate Insurance Company and its resulting dismissal from the present lawsuit. We affirm.

FACTS
Albert N. Leckie, Tressie Yeager Leckie, and Red River Forest Products, Inc. filed suit against Auger Timber Company alleging the following facts. The Leckies are owners of certain timber land in Jackson Parish who sold a portion of their timber to Red River Forest. According to the plaintiffs' petition, Auger Timber Company purchased timber on property adjacent to the Leckie property. Prior to the cutting of any timber, an official of Red River Forest showed Auger's employees the boundary between the two tracts of property and instructed Auger not to encroach upon the Leckie property. However, in August 1993, Auger Timber Company crossed the property line and clear cut the timber on the Leckie property already sold to Red River Forest. The plaintiffs asserted that the cutting was without the consent of *461 the owners. They further alleged that the actions were willful and intentional or that the defendant should have been aware its actions were without consent. In addition to property damages, including statutory treble damages, the plaintiffs also claimed entitlement to "damages by way of inconvenience, humiliation and mental pain and anguish."
Auger Timber Company answered, denying that it had cut any timber belonging to the plaintiffs. It also reconvened against the plaintiffs, asserting that they willfully and intentionally cut timber already purchased by Auger. The company requested damages including statutory treble damages.
The plaintiffs subsequently added American Interstate Insurance Company as a defendant on the basis that it had a policy of liability insurance covering Auger Timber Company at the time of the incident.
American Interstate's comprehensive general liability policy provides, in relevant portions:
DEFINITIONS
When used in this policy (including endorsements forming a part hereof):
"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;...

I. COVERAGE ABODILY INJURY LIABILITY COVERAGE BPROPERTY DAMAGE LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence. ...
Policy Endorsement
EXCLUSION OF SPECIFIED HAZARDS
....
It is agreed that such insurance as is afforded under this policy for Property Damage Liability does not apply to:
....
c.) Damage due to the cutting of timber or tresspass [sic] upon lands on which such timber is growing or otherwise situated in those instances in which all lawful owners of the said timber and/or lands have not conveyed or granted unto the insured the title to the said timber or right to cut the same and ingress and egress to and from the said lands for the purpose of cutting the said timber.
....
This insurance shall not apply to any punitive or exemplary damages, or damages imposed by statute in excess of actual damages for physical injury to or destruction of the property. [Emphasis theirs.]
American Interstate filed for summary judgment. It claimed that coverage for the complained of actions was excluded by the above quoted policy endorsement. The trial court agreed with the insurance company and granted its motion for summary judgment. In ruling, the trial judge stated, "[T]he exclusionary language does preclude the coverage when there's going on of the land and cutting without the consent of all the lawful owners." As a result, American Interstate was dismissed from the suit.
The plaintiffs appeal.

LAW

Insurance
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Collinsworth v. Foster, 28,671 (La. App.2d Cir. 9/25/96), 680 So.2d 1275. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Collinsworth, supra.
An insurer may change or amend the coverage provided by its insurance policy *462 by an endorsement attached to the policy as long as the endorsement does not conflict with statutory law or public policy. McWright v. Modern Iron Works, Inc., 567 So.2d 707 (La.App. 2d Cir.1990), writ denied, 571 So.2d 651 (La.1990). Where an attachment to the policy conflicts with the terms of the policy, the attachment will control. If coverage is provided in the policy, but then excluded in the attachment to the policy, coverage will be excluded. McWright, supra.
Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Garcia v. St. Bernard Parish School Board, 576 So.2d 975 (La.1991); Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, modified on other grounds, 95-0809 (La.4/18/96), 671 So.2d 915. However, the rule of strict construction does not "authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists." Ledbetter, supra. Insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Ledbetter, supra; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

Summary judgment
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991); Riser v. Brown, 29,810 (La.App.2d Cir. 9/24/97), 699 So.2d 909.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2); NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477. The summary judgment procedure is now favored and "shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2).
The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Riser, supra. The burden of proof remains with the mover. La. C.C.P. art. 966(C)(2). However, when a motion is made and supported as required under art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds, supra.

DISCUSSION
Our examination of the policy and its endorsement convinces us that summary judgment is proper. We believe the instant case presents exactly the sort of situation which the parties to the insurance policy intended to exclude. As previously noted, an insurance company has the right to limit coverage in any manner it desires, so long as the limitations do not conflict with statutory provisions or public policy. It is obvious that the insurer wished to preclude coverage in instances where the insured committed unlawful acts of trespass and conversion. We do not find that these exclusions conflict with any statutory provisions or public policy.
As to basic coverage, the policy provides coverage based upon bodily injury or property damage "caused by an occurrence." An "occurrence" is defined as "an accident... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." If the timber was intentionally cut from the Leckie property, the alleged damage suffered by the plaintiffs cannot be said to have been "neither *463 expected nor intended from the standpoint of the insured." See Thibodeaux v. Western World Insurance Company, 391 So.2d 24 (La.App. 3rd Cir.1980).
The endorsement excluded insurance coverage for property damage due to cutting timber or trespass on the land where the timber is growing where all of the owners of the timber or land have not consented to that action. As noted by the appellee in brief, in order to recover damages, the Leckies will be obliged to proveand have, in fact, alleged in their original and amended petitionsthat the Leckies are owners of the cut timber and that they did not give Auger Timber Company permission to cut the trees. By its simple, clear and unambiguous terms, the endorsement applies to exclude coverage for property damage caused by any negligent cutting by Auger Timber Company.
The plaintiffs assert that the policy provides coverage for their claimed personal/bodily injuries and that the endorsement applies only to property damages. To the extent that these alleged personal/bodily injuries were caused intentionally, they are not covered in the policy, as discussed supra. This leaves only personal/bodily injuries caused by negligence. However, examination of the pleadings, specifically the original and amended petitions, reveals an absence of any facts suggesting negligence, as opposed to intentional acts. Further, as to personal/bodily injuries, the plaintiffs make only the bare allegation that "they have suffered further damages by way of inconvenience, humiliation and mental pain and anguish." In opposition to the motion for summary judgment, they put forth nothing, instead resting on the mere allegations of their petitions. Consequently, there is nothing before us indicating that there is a genuine issue for trial on the matter of insurance coverage. As a result, we find that summary judgment in favor of the insurer is appropriate.

CONCLUSION
For the reasons set forth above, we affirm the trial court's granting of summary judgment. Costs are assessed against the appellants.
AFFIRMED.