liKOSTELKA, Judge Pro Tempore.
State Farm Mutual Automobile Insurance Company (“State Farm”) seeks review of a judgment of the Eleventh Judicial District Court, Parish of DeSoto, which denied State Farm’s motion for summary judgment on an issue involving uninsured motorist insurance (“UM”). A writ of certiorari was granted to afford review of the entire record. The judgment denying State Farm’s motion for summary judgment is reversed, and all claims of Arthur Jones (“Jones”) against State Farm are dismissed.
Facts
In July 2000, Jones was driving a vehicle owned by Jerry Allen (“Allen”) and insured by State Farm (the “policy”). Jones was driving Allen’s vehicle on Interstate Highway 49 and hit a piece of tire tread in the roadway which caused him to lose control of the vehicle. As a result of the accident, Jones sustained injuries that required hospitalization.
• Jones sued State Farm as Allen’s UM carrier. State Farm denied coverage and subsequently filed its motion for summary judgment, citing the provisions of the policy addressing UM coverage. State Farm’s motion was denied by the trial court, which judgment we now have for review.
Discussion
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Yarbrough v. Federal Land Bank of Jackson, 31,815 (La.App.2d Cir.03/31/99), 731 So.2d 482. The motion should be granted only if the pleadings, *1056 depositions, answers to | ginterrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459.
The burden of proof remains with the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then that party need not negate all essential elements of the adverse party’s claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. See La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by Article 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir.05/10/00), 760 So.2d 587.
State Farm argues that the trial court erred and summary judgment is proper in this case because Jones failed to present evidence showing that the | .¡vehicle which caused his injury was an “uninsured motor vehicle” as defined by the policy, nor did he provide sufficient evidence to meet his burden of proof that UM coverage applied to such an accident. We agree.
State Farm claims that the pertinent language concerning UM coverage in the policy is as follows:
We will pay nonpunative [sic] damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
The policy also defines an uninsured motor vehicle as follows:
2. A “hit and run” land motor vehicle whose owner or driver remains unknown and which strikes:
a. the insured; or
b. the vehicle the insured is occupying and causes bodily injury to the insured.
3. An automobile:
a. the driver of which remains unknown
b. that causes bodily injury to the insured; and
c. that strikes neither the insured nor the vehicle the insured is occupying.
The insured must prove, by an independent and disinterested witness, that the actions of such unknown driver were the cause of the bodily injury.[1]
*1057 Additionally, as to UM coverage, La. R.S. 22:1406(D)(l)(f) states as follows:
Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of\/proviny, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identify is unknown or who is uninsured or un-derinsured. (Emphasis added).
The facts herein do not fall under the requirements of the policy, the statute, or the jurisprudence for UM coverage to be applicable. A claimant has the original burden of proving, “(1) a physical contact which occurs as a result of (2) an unbroken chain of events between two vehicles, providing that debris falling from a vehicle and hitting the other satisfies this physical contact requirement.” Rener v. State Farm Mut. Auto. Ins. Co., 1999-1703 (La.App. 3d Cir.04/05/2000), 759 So.2d 214, 215. Additionally, pursuant to the statute, such proof must be by an “independent or disinterested” witness.
Although the accident allegedly was caused by a piece of tire tread, which seemingly would have come from some other vehicle, the driver of which is unknown, Jones has offered no evidence, either from himself or from an independent or disinterested witness, to prove that the actions of an unknown driver were the cause of his bodily injury, nor has he proved, as required, the unbroken chain of events that led to his injuries. Jones himself did not see the tire tread come off of another vehicle, nor does he know how the object got on the roadway. Jones does claim to have “disinterested” witnesses who saw the accident occur, as well as the state trooper who completed the accident report and reportedly saw the tire tread; however, Jones has not provided evidence from any “independent and disinterested | ^witness” which links the injury to contact with a vehicle or a driver who is unknown or uninsured.
Although Jones relies on Pinkney v. Progressive Specialty Ins. Co., 597 So.2d 1168 (La.App. 1st Cir.1992) in support of his position, the facts of Pinkney are easily distinguished from the facts at hand.- In Pinkney, a motorcycle driver suffered injuries after swerving his motorcycle to avoid a log that apparently had fallen from a preceding unknown vehicle. However, in that case a disinterested witness indicated that he remembered seeing a truck several hundred yards ahead of the motorcycle driver, and that the truck was a “stake body type” that was carrying something the witness could see “was piled above the body.” The witness also testified that traffic seemed to be flowing without any problems ahead of the truck prior to the accident. Under these facts, even though there was no physical contact between the insured and the unknown vehicle, and even though no witness was able to testify that he actually saw the log fall from the truck, the Pinkney court concluded that the testimony about the circumstances of the accident supported a determination that, more probably than not, the log fell from the preceding vehicle. See also Rener, supra (summary judgment on behalf of insurer denied where a disinterested witness saw an eighteen-wheeler truck drop metal debris, which the injured party subsequently hit, resulting in his damage); but see Guidry v. Cigna Ins. Co., 2000 WL 726881 (E.D.La., June 2, 2000) (summary judgment was granted for insurer by federal district court (applying Louisiana law) where there was no *1058 | (¡independent witness to the incident or to connect the road debris to another vehicle).
Jones, having offered no witnesses to connect the tire tread to another vehicle, clearly cannot meet his burden of proof required under La. R.S. 22:1406 D(1)(F) or the policy language. Such evidence is the essential element of his claim against State Farm, and without it, State Farm’s motion for summary judgment necessarily should be granted.
Conclusion
Therefore, for the foregoing reasons, the trial court’s judgment denying State Farm’s motion for summary judgment is reversed, all claims of Arthur Jones against State Farm are dismissed with prejudice, and all costs of the appeal are assessed to Jones.
REVERSED.

. State Farm refers to page 12 of the policy for the stated language; however, although a copy of the remainder of the policy was made part of the record, that specific page (along with page 13) has been omitted from its brief, presumably inadvertently. Jones does not dispute the policy language provided by State Farm, so we will accept it as offered.