691 So.2d 228 (1997)
Jason Adam EBARB, Plaintiff-Appellant,
v.
GUINN BROTHERS, INC., et al., Defendant-Appellee.
No. 29179-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Rehearing Denied March 27, 1997.
Order Denying Rehearing April 2, 1997.
*229 Peters, Ward, Bright & Hennessey by J. Patrick Hennessey, for Plaintiff-Appellant.
Zelda W. Tucker, Assistant City Attorney, for City of Shreveport.
Mayer, Smith & Roberts by Caldwell Roberts & Dalton Roberts Ross, Shreveport, for Elaine Potter.
Before MARVIN, C.J., and STEWART and GASKINS, JJ.
GASKINS, Judge.
The plaintiff, Jason Adam Ebarb, appeals from a trial court ruling granting summary judgment in favor of the defendants, Elaine Taylor Potter and Gwendolyn Taylor Roach, owners of property on which the plaintiff was injured. The trial court judgment was based upon a finding that the owners of rural, undeveloped property owed no duty to warn the trespassing plaintiff of a hole on the property. For the following reasons, we reverse the trial court judgment and remand to the trial court for further proceedings.

FACTS
On May 12, 1992, the plaintiff, then seventeen years old, was riding his four-wheel all terrain vehicle on property near Colquitt Road in Caddo Parish, owned by Mrs. Potter and Mrs. Roach. The plaintiff did not have permission to be on the property. While riding on the property, the plaintiff encountered an 8-10 feet deep hole that had washed out around a culvert. The hole was obscured by overgrown grass and weeds. The plaintiff ran off into the washout and alleges that he sustained serious head and hip injuries. The plaintiff had fishing equipment with him at the time of the accident and assumes that he was going fishing. However, he has no memory of the accident and there were no witnesses.
On March 23, 1993, the plaintiff filed suit against Mrs. Potter and Mrs. Roach, Caddo Parish Commission, Caddo Parish Gravity Drainage District No. 3, the City of Shreveport, Guinn Brothers, Inc., and Vince Coreil d.b.a. V.S.J. Construction Company. The trial court eventually granted motions for summary judgment as to Guinn Brothers, Inc., Caddo Parish Commission, Caddo Parish Gravity Drainage District No. 3 and Vince Coreil d.b.a. V.S.J. Construction Company, dismissing the plaintiff's claims against these parties with prejudice. The trial court denied a motion for summary judgment filed by the City of Shreveport, reasoning that there was a genuine issue of material fact as to whether the City had done work on the property at the site of the accident.
On May 8, 1995, the landowners filed the motion for summary judgment now before this court for consideration, arguing that, under Entrevia v. Hood, 427 So.2d 1146 (La. 1983), they had no duty to warn the plaintiff of alleged hazardous conditions or structures on the premises. They also asserted that they were immune from liability under La. R.S. 9:2791 and 9:2795, which grant limitation of liability to an owner of land used for recreational purposes.
On October 16, 1995, the trial court granted summary judgment in favor of the landowners. In written reasons for judgment, the trial court found that the accident occurred on fenced, rural, remote, undeveloped *230 property owned by Mrs. Potter and Mrs. Roach. The court found that the plaintiff was trespassing on the land. Citing Entrevia v. Hood, supra, the trial court found that the landowners did not have a duty to warn the plaintiff of the hole on the property.
The plaintiff filed a motion for new trial, objecting to the trial court's grant of summary judgment to the landowners. On May 6, 1996, the trial court denied the motion for new trial, reaffirming its decision that the landowners had no duty to warn the plaintiff of the ditch on their property. The plaintiff appealed the trial court judgment granting summary judgment to the landowners.

ASSIGNMENT OF ERROR
The plaintiff argues that the sole question presented for our review is whether it was appropriate for the trial court to decide the issue of the landowner's duty to him on the limited record presented in the motion for summary judgment. The plaintiff contends that the evaluation of the duty question involves a highly fact sensitive inquiry into whether the condition of the property is unreasonably dangerous. According to the plaintiff, there are genuine issues of material fact as to whether the land was remote and undeveloped. The landowners contend that the property was posted with "keep out" signs. The plaintiff asserts that there were no warnings or "keep out" signs. He also contends that the property was not fenced and that at the time of the accident, he was traveling along a well-defined dirt road. He further contends that the washed out hole at the culvert constituted an unreasonably dangerous condition because it could not be detected due to overgrown grass which made the area appear to be flat. The plaintiff urges that the summary judgment be reversed and the matter remanded to the trial court for further proceedings. For the following reasons, we find that the issue of the duty of a landowner to a person injured on his property may be decided on a motion for summary judgment. However, under the facts of this case, the defendants have failed to carry their burden of proof of showing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

SUMMARY JUDGMENT
Appellate courts are to review summary judgments de novo under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Dempsey v. Automotive Casualty Insurance 95-2108 (La.App. 1st Cir. 6/28/96) 680 So.2d 675; Adamson v. State Farm Mutual Automobile Insurance Company, 95-2450 (La.App. 1st Cir. 6/28/96) 676 So.2d 227; Curtis v. Curtis, 28,698 (La.App.2d Cir. 9/25/96), 680 So.2d 1327. The jurisprudence has traditionally held that summary judgments were not favored and should be used cautiously and sparingly. However, La. C.C.P. art. 966, dealing with summary judgments, was amended by La. Acts 1996 (First Ex. Session), No. 9, effective May 1, 1996, to provide that the procedure is favored and shall be construed to accomplish these ends. Dempsey v. Automotive Casualty Insurance, supra; Adamson v. State Farm Mutual Automobile Insurance Company, supra. The amended version of La.C.C.P. art. 966 has been held to be procedural in nature and therefore subject to retroactive application. Short v. Giffin, 96-0361 (La. App. 4th Cir. 8/21/96), 682 So.2d 249.
Even though the legislative intent is stated to favor summary judgment, the amended version of La.C.C.P. art. 966 does not change the law regarding burden of proof in a summary judgment proceeding. The burden of proof remains on the mover to show through the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Collinsworth v. Foster, 28,671 (La.App.2d Cir. 9/25/96) 680 So.2d 1275; Pradillo v. Allstate Insurance Company, 96-1294 (La.App. 4th Cir. 7/17/96), 677 So.2d 1124. A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially insure *231 or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989).
Notwithstanding the amendment to La.C.C.P. art. 966, if the mover fails to show that no genuine issues of material fact remain, summary judgment is not proper. Collinsworth v. Foster, supra. However, under La.C.C.P. art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the nonmoving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by a moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, 96-287 (La.App.3d Cir. 12/26/96) 685 So.2d 691. In effect, the amendment "levels the playing field" between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed. Hayes v. Autin, supra.

DUTY OF LANDOWNER
The owner of property may be held liable to a person injured on the property under La.C.C. art. 2315, if there is a defect on the property which causes the injury and the landowner knew or should have known of the existence of the defect. At the time this motion for summary judgment was decided, a landowner could also be strictly liable to persons injured on his property under La. C.C. 2317.[1] Under either the theory of negligence or of strict liability, the plaintiff must prove that the thing which caused the damage was in the custody of the defendant, the thing contained a defect (i.e., it had a condition that created an unreasonable risk of harm to the plaintiff) and the defective condition of the thing caused the plaintiff's injuries. Oster v. Department of Transportation and Development, 582 So.2d 1285 (La.1991); Mims v. Bradford, 503 So.2d 1083 (La.App. 2d Cir.1987); Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App.2d Cir.1992).
The common law classifications of invitee-licensee-trespasser are of little help in determining the duty of the landowner. Although the plaintiff's status has some bearing on the question of liability, the status is not determinative. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La. 1976), cert. denied 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976); Entrevia v. Hood, supra. The owner or person having custody of immovable property has a duty to keep the property in a reasonably safe condition and must discover any unreasonably dangerous condition on the premises and either correct that condition or warn potential victims of its existence. Bradford v. Louisiana Downs, Inc., supra. Whether there was a condition on the property which created an unreasonable risk of harm is a legal question. Mims v. Bradford, supra; Bradford v. Louisiana Downs Inc., supra. As such, this issue may be decided on a motion for summary judgment. See Mims v. Bradford, supra; Bradford v. Louisiana Downs Inc., supra; Wiggins v. Ledet, 94-0485 (La.App. 4th Cir. 9/29/94), 643 So.2d 797; Cates v. Beauregard Electric Cooperative, Inc., supra.
The unreasonable risk of harm criterion entails a myriad of considerations and cannot be applied mechanically to the facts of the case. It is the interpreter's duty to decide which risks are encompassed by the codal obligations from the standpoint of justice and social utility. Reaching an intelligent and responsible decision of whether the risk is unreasonable involves consideration of moral, social, and economic values as well as the ideal of justice. Oster v. Department of *232 Transportation and Development, supra. The unreasonable risk of harm analysis is similar to the duty-risk analysis which is performed in a negligence case. The obligation placed upon a landowner to maintain his land free from defects does not encompass every injury that happens to occur on his land. Oster v. Department of Transportation and Development, supra. The court must carefully consider all the circumstances surrounding the particular accident under review to determine whether allowing recovery to the particular plaintiff involved, for damages occurring in the particular manner in which the plaintiff was injured, is desirable from the standpoint of justice and the social utility of the conduct of the respective parties. In determining whether a condition existing on property owned by a defendant presents an unreasonable risk of harm, one invariably must consider the uses to which the land in question is to be put. Oster v. Department of Transportation and Development, supra.
The principles outlined above have been applied in numerous cases to determine whether an unreasonably dangerous condition existed on land. In Entrevia v. Hood, supra, the court found that, under the circumstances of that case, a deteriorating farm house on isolated, unproductive, fenced and posted rural property did not pose an unreasonable risk of harm to a trespasser. In Cates v. Beauregard Electric Cooperative, Inc., supra, the court found that an electrical wire dangling from a pole did not pose an unreasonable risk of harm to a trespasser on rural property who climbed the utility pole to clip the wire and came into contact with an electrified wire. In Oster v. Department of Transportation and Development, supra, the court found that a culvert located off the shoulder or on the right of way of the highway and obscured by overgrown grass did not pose an unreasonable risk of harm to a dirt bike rider operating the vehicle on the right of way, riding against the traffic at a high rate of speed.

DISCUSSION
In analyzing whether the landowners in this case owed a duty to the plaintiff regarding the washed out area around the culvert, we must evaluate the defendant's motion for summary judgment and all supporting documentation to determine whether the hole constituted an unreasonable risk of harm for the plaintiff, giving rise to the duty of the landowners to correct the condition or warn of its existence. Even under the amended version of La.C.C.P. art. 966, which now favors summary judgment, the defendants still have the burden of showing that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. The defendants have provided very little documentation in support of their contention that no duty was owed to the plaintiff nor was there a breach of any duty in this case. In support of their motion for summary judgment, the defendants attached copies of photographs of the accident scene, the affidavit of one of the landowners, Gwendolyn Taylor Potter, and excerpts from the plaintiff's deposition. Although the copies of the photographs are far from clear, it is possible to see that the area where the hole is located is overgrown and undeveloped. It is not entirely clear from the copies of the photographs whether the hole is in a roadway. In Mrs. Potter's affidavit, she states that the land was fenced and posted with "keep out" signs and that the plaintiff did not have permission to be on the property. The defendants also attached excerpts from the plaintiff's deposition in which he admitted that he did not have permission from the landowners to be on the property and that he had no memory of the accident. The plaintiff stated that he had his fishing gear with him at the time of the accident, but doesn't remember if he was going fishing. He stated that he doesn't know how fast he was traveling when he encountered the hole. The plaintiff also stated that he did not remember seeing a fence on the property. In opposition to the motion for summary judgment, the plaintiff submitted only the affidavit of his father, Virgil Ebarb, who stated that the property was not posted, not fenced and was not rural and undeveloped property.
Based upon the limited supporting documentation submitted by the defendants and the plaintiff, factors which would aid in the determination of whether the hole on the *233 property posed an unreasonable risk of harm are not clearly established. The defendants assert that the property was rural and undeveloped. While the photographs show that the property was overgrown with grass and weeds, there is some indication that the property was located close to a well-traveled road and may have been close to a subdivision. The record does not establish that this property was as rural and isolated as the property in Entrevia v. Hood, supra and in Cates v. Beauregard, supra. Further, even though Mrs. Potter's affidavit asserts that the property was fenced and that "keep out" signs were posted, her attorneys acknowledge that she cannot positively state the condition of the signs and fence on the date of the accident. The plaintiff also stated that he did not observe a fence or any "keep out" signs. The defendants did not furnish the court with any photographs or other documentation to show that the property was, in fact, posted. Moreover, while testimony indicated that the ditch contains a pipe, no evidence was presented regarding the social utility of the pipe.
There is a dispute in this case as to what, if anything, the landowners did to maintain their property and to keep trespassers, such as the plaintiff, off the property. Based upon the record before us, we cannot say that the defendants in this case carried their burden of proving that there are no genuine issues of material fact as to whether the defendants owed a duty of the plaintiff in this case to remedy the defect on the property or warn of its existence. Even though the duty of a landowner to a party injured on his property may be decided on a motion for summary judgment, and even though motions for summary judgment are now favored, we cannot say that in this case there are no genuine issues of material fact and that the defendants are entitled to summary judgment as a matter of law. Therefore, we find that the trial court erred in granting summary judgment in favor of the defendants.

RECREATIONAL USE STATUTES
In their motion for summary judgment, the defendants also argued that they are immune from liability to the plaintiff under the recreational use statutes set forth in La.R.S. 9:2791 and 9:2795. They contend that these statutes afford immunity to a rural landowner when a plaintiff is injured while using the landowner's property for outdoor recreational purposes. The defendants note that the statutes require that the activity of the entrant be one that can be accommodated only on large expanses of undeveloped land, that the activity causing the injury be of a recreational purpose and that the landowner must have evidenced an intent to permit the use of the property. The defendants argue that the photographs of the property show that it is undeveloped. They also contend that the plaintiff was operating a recreational vehicle on the property, possibly in furtherance of going fishing. The defendants also note the plaintiff's contention that, because he was on a road when injured, he had implied permission to be on the property.
It is now well settled that there are two factors to be considered when determining whether the immunity provided by La. R.S. 9:2791 and 9:2795 are applicable to a given set of facts. First, the property where the injury occurred must be an undeveloped, non-residential, rural, or semi-rural land area. Second, the injury itself must be the result of recreation that can be pursued in the "true outdoors." Ratcliff v. Town of Mandeville, 502 So.2d 566 (La.1987); Keelen v. State, Department of Culture, Recreation and Tourism, 463 So.2d 1287 (La.1985). The statutes must be strictly interpreted to limit liability only when the recreational activity takes place on large, remote acreage dedicated to and suitable to one of the specified recreational purposes. Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La.1990). As stated in the earlier analysis, the photographs of the property show that the area where the accident allegedly occurred is overgrown, however the defendants have failed to make a showing that the property was an undeveloped, non-residential rural or semi-rural land area. Because there remains a material issue of fact as to whether the nature of this property qualifies it for immunity under the recreational use statutes, summary judgment is *234 not appropriate. O'Quinn v. Power House Services, Inc., 633 So.2d 707 (La.App. 1st Cir.1993).

CONCLUSION
For the reasons stated above, we reverse the decision of the trial court granting summary judgment in favor of the defendants, Elaine Taylor Potter and Gwendolyn Taylor Roach. The matter is remanded to the trial court for further proceedings. Costs on appeal are assessed to the defendants, Elaine Taylor Potter and Gwendolyn Taylor Roach.
REVERSED AND REMANDED.
Before MARVIN, C.J., and WILLIAMS, STEWART, GASKINS and CARAWAY, JJ.

ON REHEARING
PER CURIAM.
The defendants' supplementing the record with the color pictures was helpful, however the decision reversing the summary judgment did not rest on the clarity of these pictures. Hence, the defendants' application for rehearing is denied.
NOTES
[1] Strict liability of a landowner was eliminated by the enactment of La.C.C. art. 2317.1 which provides in pertinent part:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage and that the damage could have been prevented by the exercise of reasonable care and that he failed to exercise such reasonable care.
This provision was added by Acts 1996, (First Ex. Session), No. 1 § 1, effective April 16, 1996. However, the present summary judgment was decided by the trial court on October 16, 1995, prior to the effective date of the new provision.