|2REMY CHIASSON, Judge Ad Hoc.
The lynchpin issue in this appeal of a trial court award for personal injury concerns the applicable law that governs the legal relationship of the parties. Billy Boycher sued the Livingston Parish School Board (School Board) for injuries he received while performing volunteer construction work at a high school baseball field. Thus, the issue is crystallized as: under the circumstances presented here, what was the School Board’s duty of care owed to Mr. Boycher? The obligations imposed upon persons by the delictual laws of Louisiana differ according to the relationships among the persons involved under a given set of facts. Mudd v. Travelers Indemnity Company, 309 So.2d 297 (La.1975).
FACTS
Mr. Boycher filed suit against the School Board for injuries he sustained after falling from scaffolding at Walker High School during January, 1995. He urged a cause of action under LSA-C.C.' art. 2317 for defective scaffolding and a cause of action under LSA-C.C. art. 2315 for negligence of the School Board for failing to adequately supervise a construction project and failing to provide necessary materials for the performance of the project.
In the fall of 1994, Chris Soileau, the head baseball coach at Walker High School, undertook a project to improve the baseball facilities. Improvements were made to the field *189 and the bleachers, with the final phase of the project being the construction of a press box above the bleachers directly behind home plate. The school was to buy materials, but the labor was to be by community volunteers. For this purpose the school established an account for materials at Payless Cashways, with purchases requiring the authorization of Coach Soileau.
The press box was a rectangular wood frame structure with windows overlooking the field. It was mounted atop a steel frame with six vertical beams anchored in concrete footings and steel cross bars connecting the vertical beams. Because construction of the steel frame was specialized work requiring heavy equipment, a contractor was hired to perform this portion.
After the steel frame was in place, a number of volunteers began work on the press box itself. Eventually, Mr. Boycher approached Coach Soileau and suggested that he would take charge of the project with only one or two helpers. Mr. Boycher had 18 years of experience in the construction field, and he thought work would be done more efficiently |3with fewer inexperienced volunteers. Mr. Boycher controlled when and how the work was to be performed.
On Super Bowl weekend, 1995, Mr. Boycher and a helper, Jeff Weiss, went to the baseball field to work on the press box. Mr. Boycher planned to attach siding to the back wall that day. Because the press box was between 12 and 15 feet high, scaffolding was needed. Scaffolding on loan from another school patron had been delivered to the site previously.
The two men erected the scaffolding, but there were no scaffold boards. The lack of boards had already been called to the attention of Coach Soileau, but none had been provided. On the day of the accident, Mr. Boycher left the field to attempt to reach Coach Soileau again by telephone, but he was unable to do so.
When Mr. Boycher returned to the site, Mr. Weiss had found some lightweight aluminum sheets left over from the making of bleacher seats. The two men decided to use the aluminum in the place of scaffold boards. They put the aluminum “planks” across the scaffolding and, according to plaintiff, he climbed onto them to test them. As he backed along one of the sheets, the unattached end slipped off, unable to sustain his weight. Mr. Boycher fell to the ground severely fracturing his heel.
After trial on the merits, the trial court rendered judgment in plaintiffs favor. The court found for a fact that the volunteer workers notified Coach Soileau on several occasions that they needed scaffold boards, but the boards were never supplied.
In finding the School Board liable, the trial judge noted the parties had stipulated there was no employment relationship between them. Nevertheless, the court recognized that the relationship between the School Board and Mr. Boycher was a significant factor in determining the duties owed and the obligations created. The court stated:
The State of Louisiana by enacting its Worker’s Compensation scheme has stated a strong public policy in favor of safe work places. Those whom (sic) engage others in work for them owe a duty to its workers to provide a safe workplace. The Livingston Parish School Board/Walker High School owed this duty to the plaintiff. This duty encompasses supplying proper safety equipment.
* * * # % *
The evidence clearly establishes that the School Board had constructive notice through its employee Chris Soileau that the proper equipment [boards] for the safe utilization of the scaffolding was lacking. ******
LThis court finds that the Livingston Parish School Board/Walker High School breached their duty to the plaintiff to provide a safe work place and safe equipment, and that the breach of that duty was a substantial factor in causing the accident at issue.
Having found the School Board liable, the court then concluded the plaintiff was 50 percent at fault for causing the accident and reduced the award accordingly.
*190 After reviewing the record, we conclude that by comparing the factual situation to one involving workers’ compensation, the trial court erred as a matter of law in identifying the relationship between the parties and the duty owed the plaintiff by the defendant.
LEGAL RELATIONSHIP
Absent an employment relationship that would trigger workers’ compensation coverage or obligations in contract, the relationship between the plaintiff and the School Board must be analyzed pursuant to general precepts of tort law in Louisiana.
It is undisputed that Mr. Boycher was injured while on premises owned by the School Board. The test to determine whether an owner has fulfilled the minimum requirements to satisfy its duty for the safety of persons on its premises depends upon the nature of the facility, the dangers presented by it, and the injured person’s familiarity with the premises and its dangers; the risk of harm is less to a person with experience, knowledge, and familiarity with the premises. Walker v. Union Oil Mill, Inc., 369 So.2d 1043, 1047 (La.1979). This court has stated:
[The] particular duty owed to persons who enter premises will inherently differ depending on the particular characteristics of the unique person in question. Age, experience, familiarity, physical condition, purpose, and other similar characteristics are factored into this equation. There will, therefore, naturally be different conclusions of what constitutes breach of standard of care, depending upon the particular individual, the particular circumstances, and the particular environment.
DeLaune v. Medical Center of Baton Rouge, Inc., 95-1190, p. 5 (La.App. 1st Cir. 10/25/96); 683 So.2d 859, 864, writs denied, 97-0218 and 97-0243 (La.3/21/97); 691 So.2d 84.
The owner of property may be held liable to a person injured on the property under LSA-C.C. art. 2315 if there is a defect on the property which causes the injury and the landowner knew or should have known of the existence of the defect. Ebarb v. Guinn Bros., Inc., 29,179 (La.App. 2d Cir. 2/26/97); 691 So.2d 228, writ denied, 97-1120 (La.6/13/97); 695 So.2d 981. At the time the instant case was tried, a landowner also could be Rstrictly liable to persons injured on his property under LSA-C.C. art. 2317.[2] Under either the theory of negligence or of strict liability, the plaintiff must prove that the thing which caused the damage was in the custody of the defendant, the thing contained a defect, and the defective condition of the thing caused the plaintiffs injuries. IcL Both liability for negligence and strict liability are applicable when there is a defect in the thing or premises, but only negligent liability is applicable when there is a dangerous condition on the premises. Collins v. Christophe, 479 So.2d 537, 542 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986). In Creel v. Washington Parish Fair Association, 597 So.2d 487 (La.App. 1st Cir.), writ denied, 599 So.2d 305 (La.1992), this court drew the distinction between a defect in the premises and a dangerous condition on the premises. Mrs. Creel was a spectator who was injured when a rodeo competitor was thrown and landed on top of her as she was seated on a movable metal folding chair three feet from the arena fence. This court held that the placement of the chair within such proximity of the fence was not a defect in the arena so as to make a strict liability analysis appropriate; nor were the chan* and the fence defective. However, the arena owner was negligent in approving the rodeo producer’s request to set up portable seating so close to the fence.
Likewise, in the instant case there was no defect in the premises: plaintiff could point to no inherent defect in the press box or in the scaffolding that was loaned to the School Board. Nor was the aluminum “plank” defective per se; it merely failed to support plaintiff when it was used in lieu of proper scaffold board. Similar to our decision in Creel, we hold that a strict liability analysis is not applicable to determine whether the School Board is liable for the injuries sustained by plaintiff when using the aluminum *191 sheets. Only a negligence analysis is applicable to the instant fact situation.
The owner of immovable property owes his invitee[3] the duty to keep the property in a reasonably safe condition for use which is consistent with the purpose of the invitation, including the discovery of reasonably foreseeable conditions which may be dangerous. Creel |6v. Washington Parish Fair Association, 597 So.2d at 491. The occupier of premises used for athletic events or amusements must maintain the premises in a reasonably safe condition and furnish such equipment or services as is necessary to minimize or prevent injury to others from conditions which probably may cause damage, that is, which create a reasonably foreseeable danger. Rosenberger v. Central Louisiana District Livestock Show, Inc., 312 So.2d 300 (La.1975). In the instant case, although the baseball field was not being used for an athletic event, the School Board nevertheless owed plaintiff the duty to keep its property in a reasonably safe condition consistent with the purpose for which plaintiff was on the premises. That duty encompassed the discovery of reasonably foreseeable conditions which might be dangerous. If the plaintiff had been injured by tripping over the metal bleacher sheets left in a dangerous place, then the argument that the School Board was liable for a reasonably foreseeable danger would be a viable one. However, the cause in fact of Mr. Boycher’s injury, as the trial court found, was his employing the metal sheets in the place of absent scaffold boards. The plaintiff himself created the dangerous situation by misuse of the lightweight aluminum. It was not readily foreseeable to Coach Soileau, and thus to the School Board, that a man with 18 years experience in the construction field would be so reckless as to use obviously weak material in lieu of proper scaffold boards. Despite the plaintiffs frustration with the lack of response to his previous requests for scaffold boards, his action on the day of the accident of using an improper method to reach the side of the press box was not foreseeable. Considering the plaintiffs age, experience, familiarity with the task at hand and with proper means of accomplishing that task, and the physical conditions of the work site, we conclude that the School Board did not owe Mr. Boyeher a duty to prevent him from using improper equipment. The lack of proper equipment did not cause either his intentional misuse of the aluminum “planks” or his subsequent injury. Cf. Delaune v. Medical Center of Baton Rouge, Inc., 683 So.2d 859. Our determination of this issue makes it unnecessary for us to discuss the other points brought out in the briefs of defendant and plaintiff.
Accordingly, we hold that the trial court erred in rendering judgment in plaintiffs favor, and we reverse, casting plaintiff for all costs of this appeal.
REVERSED AND RENDERED.
FITZSIMMONS, J., dissents and assigns reasons.
GUIDRY, J., respectfully dissents.

. Strict liability of a landowner has been eliminated by the enactment of LSA-C.C. art. 2317.1, which provides for liability only with knowledge or constructive knowledge on the part of the landowner and which became effective April 16, 1996.

. Absent the employee status, there is no doubt that plaintiff in the instant case was an invitee of the School Board. An invitee is a person who goes on the premises with the express or implied invitation of the owner. See Brown v. State Farm Fire & Casualty Company, 252 So.2d 909 (La.App. 2d Cir.1971). Although the common law classifications of invitee-licensee-trespasser are not determinative of liability in Louisiana, the plaintiff's status has a bearing on the question of liability. See Ebarb v. Guinn Bros., Inc., 29,179 at pp. 5-6; 691 So.2d at 231.