JUDGE SANDRA CABRINA JENKINS
A. Charles Ferguson and Elizabeth B. Carpenter (collectively, "Plaintiffs") appeal the trial court's September 7, 2018 judgment granting the Motion for Summary Judgment filed by appellees, Treymark Properties, LLC ("Treymark") and Mark Morice (collectively, "Defendants"). The lawsuit arises from injuries sustained by Mr. Ferguson when he slipped and fell off the roof of a house at 3125-27 Jena Street in New Orleans, which was allegedly owned and maintained by Defendants. When he fell, Mr. Ferguson was helping a friend, Brett Newkirk, who had been hired by Defendants to patch the roof of the house. We find genuine issues of material fact as to whether Mr. Ferguson was a trespasser or an invitee on the Defendants' property when he slipped and fell, and whether the dangerous condition of the roof was open and obvious. Accordingly, we reverse the trial court's judgment and remand for further proceedings.
*408 FACTUAL AND PROCEDURAL BACKGROUND
On September 19, 2016, Mr. Ferguson and Mr. Newkirk were repairing the tile roof of the house, which had a very steep slope. Mr. Newkirk slipped and fell 23 feet from the roof, landing on a concrete sidewalk. After Mr. Ferguson heard Mr. Newkirk scream and went to help him, Mr. Ferguson also slipped and fell off the roof at the same spot as Mr. Newkirk. As a result of his fall to the concrete below, Mr. Ferguson had multiple surgeries and had one leg amputated.
On July 21, 2017, Plaintiffs filed suit against Defendants alleging that Defendants failed to maintain the premises in a reasonably safe condition and failed to generally exercise due care. Additionally, the Petition alleged: (1) failure to discover an unreasonably dangerous condition; (2) failure to correct the condition or warn of its existence; (3) failure to warn plaintiff of the defect; and (4) failure to act as a responsible and prudent person under the circumstances. The Petition asserted that Defendants knew, or in the exercise of reasonable care, should have known, of the "vice or defect" in the roof.
On May 9, 2018, Defendants filed a Motion for Summary Judgment asserting that the roof was not unreasonably dangerous and that Defendants did not owe a duty to Ferguson. The hearing on the Motion for Summary Judgment was held on September 7, 2018, after which the trial court granted Defendants' Motion for Summary Judgment and dismissed Plaintiffs' claims against Defendants, with prejudice. The trial court found that Plaintiffs could not satisfy their burden at trial of proving that the roof was unreasonably dangerous or that Defendants owed a duty to protect Plaintiffs from the harm they allegedly sustained.
DISCUSSION
Plaintiffs list three assignments of error:
(1) Genuine issues of material fact exist which preclude summary judgment;
(2) There are case-specific issues as to whether there was an unreasonable risk of harm, such that Defendants failed to meet their burden on summary judgment under the "open and obvious" doctrine;
(3) The trial court erred by failing to make reasonable inferences viewed in the light most favorable to the party opposing the motion.
Standard of Review
We apply a de novo standard of review in examining a trial court's ruling on summary judgment. Hare v. Paleo Data, Inc. , 11-1034, p. 9 (La. App. 4 Cir. 4/4/12), 89 So.3d 380, 387. Accordingly, we use the same criteria that govern a trial court's consideration of whether summary judgment is appropriate. Id. "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). In "determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence ." Fiveash v. Pat O'Brien's Bar, Inc. , 15-1230, p. 7 (La. App. 4 Cir. 9/14/16), 201 So.3d 912, 917 (emphasis in original) (quoting Quinn v. RISO Invest., Inc. , 03-0903, pp. 3-4 (La. App. 4 Cir. 3/3/04), 869 So.2d 922, 926 ).
Burden of Proof
La. C.C.P. art. 966(D)(1) governs the mover's burden on a motion for summary judgment:
*409 The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
Mr. Ferguson's Status as Invitee or Trespasser[1]
First, Plaintiffs contend that there are genuine issues of material fact as to whether Mr. Ferguson was trespassing on the property when he slipped and fell. According to Plaintiffs, Mr. Ferguson was invited by Mr. Morice to voluntarily assist Mr. Newkirk in repairing the roof. Plaintiffs assert that while Mr. Newkirk and Mr. Ferguson were driving to the property, Mr. Newkirk answered a phone call from Mr. Morice, and reminded him that Mr. Ferguson would be helping with the repairs by acting as a "gofer."[2] Plaintiffs contend that Mr. Morice consented.
Mr. Morice, on the other hand, contends that Mr. Ferguson was trespassing, and he had no knowledge that Mr. Ferguson was on the roof.
Before 1976, Louisiana jurisprudence created a strict series of categories classifying persons entering land belonging to another. The comprehensive classification scheme defined a landowner's duty to entrants injured on the premises because of unreasonably dangerous conditions. The three main classes developed were "trespasser," "licensee," and "invitee," and the scope of the duty owed by the landowner to the entrant varied depending on the status accorded the entrant. In Cates v. Beauregard Elec. Co-op., Inc. , 328 So.2d 367 (La. 1976), the Supreme Court abolished the common law classification system, and set forth a test to be applied in determining the scope and extent of a landowner's duty:
[W]hether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee or invitee in light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative . (Emphasis added.)
Id. at 371 (quoting Rowland v. Christian , 69 Cal.2d 108, 70 Cal. Rptr. 97, 104, 443 P.2d 561, 568 (1968) ); see also Melerine v. State , 505 So.2d 79, 80 (La. App. 4th Cir. 1987). This Court in Cuevas v. City of New Orleans , 99-2542, p. 5 (La. App. 4 Cir. 6/21/00), 769 So.2d 82, 86, stated that "[w]hen considering the duty owed by a landowner, the status of the injured person *410 as an invitee or trespasser is relevant but not determinative." (Emphasis added.) Although not determinative, "the [plaintiff's] status might be considered in defining the scope and extent of the landowner's duty." David J. Szwak, Louisiana Premises Liability in the Post-Cates v. Beauregard Electric Cooperative Era , 53 La. L. Rev. 1935, 1963 (July 1993). In short, "these classifications may have some bearing on the question of liability which ultimately depends upon whether the landowner owed the plaintiff a duty to discover any unreasonably dangerous conditions on the premises and to either correct the condition or warn plaintiff of its existence." Giles v. Humble Oil & Refining Co. , 384 So.2d 569, 571 (La. App. 4th Cir. 1980).
For example, in Boycher v. Livingston Parish Sch. Bd. , 96-2766, p. 5 (La. App. 1 Cir. 6/29/98), 716 So.2d 187, 191 the Court relied on the plaintiff's status as an invitee as a factor in its duty risk analysis ("The owner of immovable property owes his invitee the duty to keep the property in a reasonably safe condition for use which is consistent with the purpose of the invitation , including the discovery of reasonably foreseeable conditions which may be dangerous.") (emphasis added) (footnote omitted) (citation omitted). In Entrevia v. Hood , 427 So.2d 1146 (La. 1983), the Supreme Court considered the fact that the plaintiff was a trespasser in concluding that the rear steps to the porch of an abandoned farm house did not present an unreasonable risk of harm. Id. at 1150.[3] Compare Pepper v. Triplet , 03-0619, p. 5 (La. 1/21/04), 864 So.2d 181, 198 (neighbor was not strictly liable for injuries sustained by a trespasser who was bitten by the neighbor's dog while in the neighbor's back yard), with Thibodeaux v. Krouse , 2007-2557, p.6 (La. App. 1 Cir. 6/6/08), 991 So.2d 1126, 1130 (finding that defendant's dog presented an unreasonable risk of harm based on evidence that plaintiff's presence in the back yard was authorized).
The question then arises: Given that the plaintiff's status is relevant to the scope of a landowner's duty, is there a genuine issue of material fact as to whether Mr. Ferguson was a trespasser or an invitee, which would preclude summary judgment?
"A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." Ardoin v. Cleco Power , LLC , 10-815, p. 3 (La. 7/2/10), 38 So.3d 264, 266 (citing King v. Illinois Nat'l Ins. Co., 08-1491, p. 6 (La. 4/3/09), 9 So.3d 780, 784 ). "Simply put, a 'material' fact is one that would matter on the trial on the merits." Smith v. Our Lady of the Lake Hosp. , 93-2512, p 27 (La. 7/5/94), 639 So.2d 730, 751. "Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits." Id.
We find that the factual issue as to Mr. Ferguson's status as either an invitee or a trespasser "would matter on the trial on the merits." Labeling of the plaintiff's status is a factor in determining the unreasonableness of the danger. Van Pelt v. Morgan City Power Boat Ass'n, Inc. , 489 So.2d 1346, 1350 (La. App. 1st Cir. 1986). Mr. Morice attests in his affidavit that he did not invite Mr. Ferguson to the property, he never met or talked to Mr. Ferguson, and he did not know that Mr. Ferguson was on the property to assist Mr. *411 Newkirk in the repair of the roof. Plaintiffs contend that Mr. Morice expressly invited Mr. Ferguson to work on the property. These classifications have some bearing on the question of liability, which ultimately depends on whether the landowner owed the plaintiff a duty to discover any unreasonably dangerous conditions on the premises and to either correct the condition or warn plaintiff of its existence.
For these reasons, we conclude that there are genuine issues of material fact for trial as to Mr. Ferguson's status, and we reverse the trial court's grant of summary judgment in favor of Defendants.
Open and Obvious Condition
Defendants argue that they owe no legal duty to Mr. Ferguson because the condition of the roof was "open and obvious." The Defendants, as the movers, have the initial burden of establishing a prima facie case that the complained of condition that allegedly caused Mr. Ferguson's fall and resulting injuries was open, obvious, and not unreasonably dangerous. See Jones v. Stewart , 16-0329, p. 22-23 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 398. "[I]n the usual case, any obvious nature of the danger will determine only the issue of whether the plaintiff was comparatively negligent and not the issue of whether the defendant had a duty." DeStevens v. Harsco Corp. , 94-1183, p. 6 (La. App. 4 Cir. 3/16/95), 652 So.2d 1054, 1058 (citing Socorro v. City of New Orleans , 579 So.2d 931 (La. 1991) ). "Only in the exceptional case of extremely obvious danger will the defendant be found to have no duty at all to warn of or remedy the danger." Id. We do not believe that Defendants have established "beyond the point of a 'genuine issue of material fact' that an extreme situation of totally one-sided fault of the plaintiff exists." Id.
Favorable Inferences
Plaintiffs' final argument is that the trial court erred by failing to make reasonable inferences viewed in the light most favorable to Plaintiffs, who opposed the summary judgment motion. When reviewing a motion for summary judgment, we view the record, and draw all reasonable inferences that may be drawn from it, in the light most favorable to the non-movant. Tsegaye v. City of New Orleans , 15-0676, p. 19 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 717. However, given our decision to reverse the trial court's judgment, we pretermit any discussion of this issue.
Judicial Notice
After all briefing deadlines had passed, Plaintiffs filed "Requests for Judicial Notice." In the Requests, Plaintiffs asked this court to take judicial notice of a largely illegible weather forecast taken from a newspaper dated September 18, 2016, to show that the rainy weather created an unreasonably dangerous condition on the tiled roof of the house. Plaintiffs also ask this Court to take judicial notice of a "succinct pamphlet" from OSHA entitled "Protecting Roofing Workers," which was not attached to the Request. Defendants filed a Motion to Strike Plaintiffs' Requests for Judicial Notice.
This Court cannot consider or take judicial notice of any evidence not admitted in the trial court or not added to the record on appeal by stipulation of the parties. City of New Orleans v. New Orleans Pub. Serv., Inc., 471 So.2d 233, 238 n.3 (La. App. 4th Cir. 1985). Furthermore, a court cannot dispose of a motion for summary judgment by taking judicial notice of a disputed material fact. Acadia-Vermilion Rice Irr. Co. v. Broussard , 185 So.2d 908, 911 (La. App. 3d Cir. 1966).
CONCLUSION
In sum, we find that genuine issues of material fact exist as to Mr. Ferguson's *412 status as an invitee or a trespasser, and as to whether the condition of the roof was open and obvious. These are relevant factors in determining whether the roof presented an unreasonable risk of harm. Accordingly, we reverse the September 7, 2018 judgment of the trial court, and remand this matter for further proceedings. We deny Plaintiffs' Requests for Judicial Notice.
REVERSED AND REMANDED, REQUESTS FOR JUDICIAL NOTICE DENIED
LOBRANO, J., CONCURS IN THE RESULT.
BROWN, J., CONCURS IN THE RESULT.
BROWN, J., CONCURS IN THE RESULT.
As pointed out by the majority, in Jones v. Stewart , 16-0329, p. 14 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 393 (citing Bufkin v. Felipe's Louisiana , LLC , 14-0288 (La. 10/15/14), 171 So.3d 851, Rodriguez v. Dolgencorp, LLC , 14-1725 (La. 11/14/14), 152 So.3d 871, and Allen v. Lockwood , 14-1724 (La. 2/13/15), 156 So.3d 650 ), this Court explained that "absent any material factual issue, the summary judgment procedure can be used to determine whether a defect is open and obvious and thus does not present an unreasonable risk of harm." In Primeaux v. Best W. Plus Houma Inn , 18-0841 (La. App. 1 Cir. 2/28/19) --- So.3d ----, ---- (2019 WL 989727 *9), the First Circuit held that "[t]o grant summary judgment in the [moving parties'] favor, this court must conclude ... that no genuine issue of material fact exists that the complained of condition did not create an unreasonable risk of harm." I conclude that Defendants failed to establish a prime facie case that the roof which allegedly caused Mr. Ferguson to fall and sustain injuries was open, obvious, and not unreasonably dangerous. The only evidence submitted by Defendants in support of their motion for summary judgment was an affidavit by Mark Morice, the manager of Treymark Properties, LLC, in which Mr. Morice attested in pertinent part: (1) the roof was "very steep" and was made of tiles; (2) previously, no one had fallen off the roof of the property located at 3125-7 Jena; and (3) "Fergusons [sic] slip and fall off the roof could not have been anticipated by Defendants nor prevented by Defendants."[1] In my opinion, Defendants failed to meet their burden of proof; thus, the burden never shifted to Plaintiffs pursuant to La. C.C.P. art. 966(D). Consequently, Defendants are not entitled to summary judgment in their favor as a matter of law.

An invitee is "a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage." A "trespasser" is defined as "one who enters the premises without the permission of the occupier or without a legal right to do so." Butcher v. Gulf Ins. Co. , 295 So.2d 45, 47 (La. App. 4th Cir. 1974).

The Collins English Dictionary defines a "gofer" as "a person whose job is to do simple and rather boring tasks for someone." https://www.collinsdictionary.com/us/dictionary/english/gofer (last visited May 13, 2019).

In deciding that the steps did not present an unreasonable risk of harm, the Entrevia Court considered the plaintiffs' trespass on the premises to be "legally and morally reprehensible conduct," and its decision recognized that the land owner had "valid economic and privacy interests which our law seeks to protect from intruders such as the plaintiff." Id. at 1150.

See Allen , 156 So.3d at 653 (wherein the Supreme Court found summary judgment proper when the defendants, the moving party, "produced evidence, through affidavits, depositions, and photographs, that the parking area had been used by congregants for decades without incident and the complained-of condition-the unpaved grassy parking area-was obvious and apparent to anyone who may potentially encounter it[,]" and "Plaintiff then failed to produce any evidence to rebut their evidence or demonstrate how the alleged defects caused the accident.").