LOLLEY, J.
 

 _JjIn this slip and fall accident, plaintiff, Marcia Chunn, appeals a judgment from the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, which found in favor of defendants, Brookshire Grocery Company d/b/a Super One Foods, and Hartford Insurance Company. For the following reasons, we affirm.
 

 FACTS
 

 The incident that gave rise to this case occurred during the evening hours on May 19, 1994, at the Super One Foods Store (“Super One”) in Bastrop, Louisiana. Marcia Chunn, accompanied by her son and now-deceased husband, was grocery shopping when she stepped and reached between two stacks of boxes, also known as a “spill-out display,”
 
 [1]
 
 to pick out a bag of carrots. As she stepped out from between the boxes, she tripped and fell, injuring herself. Chunn filed an accident report with the store manager the same night.
 

 On January 25, 1995, Chunn filed a petition for damages against Brookshire Grocery Company, d/b/a/ Super One Foods, and Hartford Insurance Company (“the defendants”). After several delays, a bench trial was eventually held on July 21, 2008. On November 21, 2008, the trial court issued a judgment in favor of defendants. This appeal ensued.
 

 LAW AND DISCUSSION
 

 In her first assignment of error, Chunn explains that she proffered as evidence a group of photographs, marked “Exhibit G,” taken a week after the incident that depicted conditions at the store where the accident 12occurred. The trial court ruled the photographs were inadmissible and Chunn argues that this is an error.
 

 Generally, the trial court is accorded discretion concerning the admission or exclusion of evidence. A court’s decision to admit or exclude evidence will not be reversed absent an abuse of discretion.
 
 Holmes v. Jefferson Pilot Financial Ins. Co.,
 
 39,721 (La.App.2d Cir.06/29/05), 907 So.2d 185,
 
 writ denied,
 
 2005-1985 (La.02/03/06), 922 So.2d 1185. Here, the trial court did not find the set of photographs was sufficient to show habit or routine of practice. La. Code of Ev. Art. 406. The record reveals that the photos were taken one day during a holiday weekend which, as defendants proved, had a
 
 *181
 
 significant increase in shopping volume. Therefore, the photos did not reflect the “routine” customer traffic similar to the day of the incident. After a review of the record, we agree with the trial court’s ruling. This assignment of error is without merit.
 

 In her second assignment of error, Chunn argues that the trial court erred in finding that she did not fulfill her statutory burden in her claim against the defendants. Louisiana R.S. 9:2800.6 is the specific statute that governs negligence claims and states, in pertinent part:
 

 B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
 

 (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
 

 |s(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
 

 (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
 

 A plaintiff who sustains an injury because of a fall resulting from a condition in or on a merchant’s premises must prove the requisite statutory elements to establish a valid merchant liability claim, and the failure to prove any of the required elements will prove fatal to a plaintiffs claim.
 
 See Jones v. Brookshire Grocery Co.,
 
 37,117 (La.App.2d Cir.05/14/03), 847 So.2d 43. Failure to prove any of the requirements enumerated in the statute establishing burden of proof for premises liability claims against merchants will prove fatal to the plaintiffs case.
 
 Harrison v. Horseshoe Entertainment,
 
 36,294 (La.App.2d Cir.08/14/02), 823 So.2d 1124. A trial court’s findings regarding liability for damages caused by a slip and fall accident at the defendant’s place of business, as well as the presence of comparative fault, are factual determinations that will not be disturbed absent manifest error or unless clearly wrong.
 
 Jones, supra.
 

 Chunn testified that after she selected her bag of carrots, she tripped as she was stepping out from between the boxes. After Chunn fell, she noticed that the floor rug was wrapped around her ankle. As a result of the accident, she had instant pain in her knee, ankle, and hip. She argues that there were a combination of factors that made this situation reasonably foreseeable: The nature of the “spill-out” displays diverts the attention of shoppers and the type of mats used at Super One have a propensity to migrate and/or 14buckle when rolled across. Chunn also believes that Super One had constructive notice when the employee inspected the area, according to the inspection log, at 9:06 p.m. — minutes prior to Chunn’s accident which occurred at 9:10 p.m. Chunn argues with the inherent risks associated with “spill-out” displays and the floor rugs the store deviated from the accepted level of reasonable care.
 

 At the outset we note that defendants do not dispute that Chunn fell; however, this is not dispositive. We must look to the statute to determine whether Chunn proved the requisite statutory elements to impose liability onto the defendants. While Chunn argues that the store conditions presented an unreasonable risk of
 
 *182
 
 harm to her and that risk of harm was reasonably foreseeable, we do not find that the record supports this.
 

 At trial, Chunn testified that she had seen store employees rolling a dolly and believed that this caused the floor mat to kink or buckle resulting in her accident. However, Roy Lee Shaw, the store manager on the night of the incident, testified that the produce area is unmanned and dollies are not used after 8:00 p.m. indicating that the employees were not the “source” of the alleged wrinkle in the mat.
 
 [2]
 
 Chunn further testified she did not know if the rug was tangled or disheveled as she did not see the rug prior to her fall. Chunn’s husband and Chunn’s son testified that they too did not see the condition of the rug prior to her fall. As such, there is no evidence to support Chunn’s theory. Mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by the statute governing ^negligence claims against merchants.
 
 Hubbard v. AP3 Investments, LLC,
 
 43,673 (La.App.2d Cir.11/19/08), 997 So.2d 882.
 

 Chunn also argues that the mats and the “spill-out” displays are inherently dangerous and points to the testimony of Russell Kenzidor, an expert in product-related slip and fall injuries in commercial stores. Kenzidor testified that he thought the type of mats used at the grocery store tended to buckle and migrate, and “spill-out” displays pose an unreasonable hazard to shoppers. However, the trial court did not find this to be persuasive and we do not believe its findings are manifestly erroneous. Moreover, this court has found in the past that the “utility of the mat outweighs the risk of a trip and fall.”
 
 Jones,
 
 847 So.2d at 52.
 

 Shaw further testified that according to the “floor log” the produce area was checked minutes prior to the accident and no problems were discovered.
 
 [3]
 
 Nothing in the record refutes Shaw’s testimony. Therefore, Chunn did not prove that any of the alleged conditions presented an unreasonable risk of harm to her and that risk of harm was reasonably foreseeable.
 

 We also note that given the facts, Chunn did not prove that Super One had actual or constructive notice of the condition which caused the damage, another crucial element in establishing liability. Chunn failed to show that Super One knew about the wrinkle in the mat, nor did she establish that the wrinkle in the mat was there for a period of time prior to the incident.
 
 See White v. Wal-Mart Stores, Inc.,
 
 1997-0393, 699 So.2d 1081 (La.09/09/97). After reviewing the record, there is no evidence of any witnesses seeing the wrinkle in the mat and, as stated earlier, the floor log indicates that no problems were found in the produce area just minutes before the incident. Accordingly, this assignment of error is without merit.
 

 CONCLUSION
 

 In short, Chunn failed to establish her statutory burden of proof for this premises liability claim. The trial court’s judgment
 
 *183
 
 is affirmed. Costs of this appeal are assessed to Marcia D. Chunn.
 

 AFFIRMED.
 

 [1]
 

 . Roy Shaw, the store manager, explained that "Super One may spill out [a sale] product from the normal bins onto the floor in front of that bin in boxes.”
 

 [2]
 

 . We find it questionable that Chunn complained that the grocery area was unmanned after 8 p.m., yet she saw an employee working there.
 

 [3]
 

 . Chunn makes much of tire fact that on the night of the incident Super One departed from the mandated inspection schedule; however, the fact that the inspection occurred three hours later, instead of two, does not
 
 per se
 
 establish that the defendant failed to exercise reasonable care. In addition, Chunn insinuates that Super One manufactured the last inspection time of 9:06 p.m.; however, there is nothing in the record to support this allegation.