LOLLEY, J.
| T Charlene Williams appeals the judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana in favor of the defendants, State Farm Fire & Casualty Company, Feed Sales & Service, and Howard Sellers. For the following reasons, we affirm the trial court’s judgment.
Facts
On July 3, 2006, Charlene Williams, the plaintiff, was a customer at Feed Sales & Service, a retail store owned by Howard Sellers in Shreveport, Louisiana. When Williams arrived at the store, she parked in the gravel parking lot and entered the store, which had several steps leading to the entrance. The record shows that the steps were poured-in-plaee concrete steps that were built in 2002 or 2003. They had been finished with a steel brush to prevent slickness, and the edge of each step was painted red for visibility. There were also *435 two handrails, one on each side, cemented into the ground. Photos of the steps were admitted as exhibits at trial. When Williams left the store down the same steps, she allegedly tripped and fell and claimed to sustain injuries to her arms and legs. Williams was transported to the hospital by ambulance. According to Williams, her left foot required surgery as a result of the incident.
Williams filed suit against the store, Sellers, and his insurer, State Farm Fire & Casualty Company (“State Farm”).[1] After a bench trial, the trial court entered judgment in favor of the defendants, noting, “[T]he plaintiff is one of the least credible witnesses that I have ever heard.” Williams appeals the trial court’s judgment.
1 ^Discussion
On appeal, Williams raises one assignment of error, arguing that the trial court erred in concluding that the steps to the store did not present an unreasonable and foreseeable risk of harm pursuant to La. R.S. 9:2800.6. That statute states, in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(8) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
According to Williams, she successfully proved the three elements necessary to prevail under La. R.S. 9:2800.6(B). First, she maintains that the steps leading into the store presented an unreasonable risk of harm, which risk was reasonably foreseeable. She argues that gravel on the steps ^created an unreasonable risk, similar to wet paint[2] or a hole in the ground.[3] Second, she argues that Sellers created or had actual notice of the conditions of the steps. According to Williams, Sellers testified that he was in charge of keeping rocks/gravel off the steps, and he clearly had knowledge of the condition of the steps. Third, Williams maintains that Sellers failed to exercise reasonable care, because he failed to take steps to notify or warn his customers of the potentially dan *436 gerous condition of the steps. We disagree.
Here, Williams properly argues that the imposition of tort liability against a merchant for a patron’s injuries resulting from an accident on the merchant’s premises is governed by La. R.S. 9:2800.6, known as the Claims Against Merchants statute. Davis v. Wal-Mart Stores, Inc., 2000-0445 (La.11/28/00), 774 So.2d 84.
A plaintiff who sustains an injury because of a fall resulting from a condition in or on a merchant’s premises must prove the requisite statutory elements to establish a valid merchant liability claim, and the failure to prove any of the required elements will prove fatal to a plaintiffs claim. See Chunn v. Brookshire Grocery Co., 44,505 (La.App.2d Cir.08/19/09), 18 So.3d 179; Harrison v. Horseshoe Entertainment, 36,294 (La.App.2d Cir.08/14/02), 823 So.2d 1124.
The trial court’s findings under the Claims Against Merchants statute are subject to manifest error review. Chunn, supra. Where two permissible b views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Easter v. Direct Ins. Co., 42,178 (La.App.2d Cir.05/09/07), 957 So.2d 323. Further, when findings are based on determinations regarding credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings. Id.
Initially, we note the trial court’s findings regarding the credibility of the witnesses:
I find that [Williams] is one of the least credible witnesses that I have ever heard.
I found Mr. Sellers to be a credible witness. Their testimony is completely at odds with each other, and I found him to be a credible witness.
Her testimony in court today about what she contends happened on that day is completely nonsensical, and it made absolutely no sense.
⅜ ⅜ ⅜ ⅜: ¾: ⅜
I cannot count how many inconsistencies there were. Among the most glaring were we do not know if it was our left foot or our right foot.
H: ⅜ ⅜ ⅜ ⅜ ⅜
[Williams] is a completely incredible witness. She did not prove anything, and the Court disbelieved everything that she had to say.
The record reflects several inconsistencies in Williams’s story: inconsistencies in her own version between her deposition and trial testimony, as well as inconsistencies between her version of events and the other witnesses’ recollections regarding the incident. Thus, the trial court’s | ¡^conclusions regarding the credibility of the witnesses is certainly reasonable and not in error.
First, we note that it is questionable whether Williams even tripped on the steps. Sellers testified that because she appeared incoherent when they spoke inside the store, he watched her walk down the steps as she left the interior of the store. He did not see her trip on the steps. When he was told by another customer that Williams was in her vehicle crying, Sellers testified that he went out to check on her. Williams told him then that she had fallen in the parking lot between the steps and her vehicle. As stated, the trial court was within its discretion to believe Sellers’s account of the incident.
However, if Williams actually did trip going down the steps, the trial court *437 specifically determined that the steps did not pose an unreasonable risk of harm, one element required to be proven under the statute. The trial court’s determination was not in error, because Williams failed to prove that the steps posed an unreasonable risk. As to whether Williams saw gravel on the steps, she initially testified that she noticed gravel on the steps when she was going down, but she also testified at trial that after the accident she did not see any gravel on the steps. She testified that she navigated up the steps without problem, but going down, she stated, she tripped on a rock on the steps. Williams’s testimony was controverted by William Gunn, a fire fighter/paramedic with the Shreveport Fire Department who responded to the emergency call. Gunn testified that he examined the steps after the accident and noticed no gravel. In addition, Sellers testified that he | (¡routinely went up and down the steps without incident, and he had never had a single accident on the steps. So considering, weighing the conflicting testimony before it, the trial court did not abuse its discretion in failing to find the steps an unreasonable risk of harm.
Failure to prove any one requirement enumerated in the statute is fatal to a plaintiff’s case seeking to meet the burden of proof for premises liability claims against a merchant. See Chunn, supra. Upon determining that Williams failed to prove that the steps posed an unnecessary risk of harm, the first element under the statute, the trial court rejected her claims and ruled in favor of State Farm, Feed Sales & Service, and Sellers. It is not our role on appeal to reassess the witness testimony or evidence to reach a different conclusion in a case such as this which turns on a factual, credibility determination. The trial court considered the evidence and clearly made a choice based on the testimony, as explicitly stated by the trial judge. There was no error in this determination and the trial court reasonably rejected Williams’s claims. Considering that Williams failed to prove the steps posed an unnecessary risk of harm, it is unnecessary to even consider the other two elements under the statute.
Conclusion
For the foregoing reasons, the trial court’s judgment in favor of State Farm Fire & Casualty Company, Feed Sales & Service, and Howard Sellers is affirmed. All costs of this appeal are assessed to Charlene Williams.
AFFIRMED.

. The caption of the case erroneously lists State Farm as "State Farm Insurance Company," the name cited by Williams in her petition.

. See Daigle v. City of Shreveport, 46,429 (La.App.2d Cir. 10/05/11), 78 So.3d 753, writ denied, 2011-2472 (La.02/03/12), 79 So.3d 1027.

. See Ebarb v. Guinn Bros., Inc,, 29,179 (La.App.2d Cir.02/26/97) 691 So.2d 228, writ denied, 1997-1120 (La.06/13/97), 695 So.2d 981.